UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Hicks,

      Plaintiff,

v.

Daniel Isaac Smith and Endurance
Broadcasting,

      Defendants.

File No. 21-cv-1957 (ECT/DTS)

**OPINION AND ORDER**

_____

Hicks, Washington, DC, *pro se*.

Barry A. O'Neil and James David Krause, Lommen Abdo, PA, Minneapolis, MN, on behalf of Defendants Daniel Isaac Smith and Endurance Broadcasting.

---

This case involves a dispute over Defendants Daniel Isaac Smith and Endurance Broadcasting's alleged breach of an agreement to transfer the license of an AM radio station to Plaintiff Hicks. Hicks commenced the action on August 31, 2021, by filing a pro se complaint against Smith and Endurance Broadcasting. ECF No. 1. That complaint was followed by an Amended Complaint, ECF No. 7, which later was dismissed for Hicks's failure to prosecute, ECF Nos. 10, 11. On Hicks's motion, the order dismissing the case was vacated, and the case was allowed to move forward. ECF No. 19. Smith and Endurance Broadcasting now have filed a motion to dismiss. ECF No. 22. Hicks followed with a series of assorted motions. *See* ECF Nos. 34, 43, 46. Because there is not subject-matter jurisdiction over Hicks's claims, Defendants' motion to dismiss will be granted and Hicks's motions will be denied as moot.

I

The procedural background leading up to the current set of motions is detailed in an order dated March 17, 2022, *see* ECF No. 19, and that order is incorporated by reference here. *See* ECF No. 19. The operative Amended Complaint was filed September 16, 2021.[1] *See* Am. Compl. [ECF No. 7]. Hicks alleges that KLBB is an AM radio station licensed to "Defendant"[2] and regulated by the Federal Communications Commission ("FCC"). Am. Compl. ¶¶ 1–2. The FCC granted Defendant permission to cease operating KLBB and "remain silent" after Defendant decided to sell the radio tower site to another organization, Ecumen. *Id.* ¶ 3. Hicks alleges that in February 2019, he offered Defendants $1,000 plus attorneys' fees and engineering consultation costs to purchase the KLBB license and protect KLBB from cancellation. *Id.* ¶¶ 5, 16.

Hicks alleges that "[a]t the time of [his] offer, KLBB[] had sold to entity Ecumen its licensed antenna system tower property and had been silent since March 31, 2018," KLBB "was in jeopardy of permanent license expiration," and "immediate action to

---

[1]    Hicks's initial complaint was filed on August 31, 2021, but it was unsigned and undated. ECF No. 1. What was filed as the Amended Complaint appears to differ only slightly from the initial complaint in that the Amended Complaint was signed by Hicks (yet still undated), and it had fewer attachments—namely, it did not include the Minneapolis Public Schools' Community Education course listings that were attached to the initial complaint, *see* ECF No. 1-1. The Amended Complaint appears to have been filed within 21 days of Hicks's purported certificate of service, ECF No. 4, and thus was treated as an amendment as a matter of course. *See* Fed. R. Civ. P. 15. To be clear, the outcome of the instant motions is the same whether reviewed in light of the initial complaint or the Amended Complaint.

[2]    The Amended Complaint is not always clear whether its references to "Defendant" are to Defendant Daniel Isaac Smith, Defendant Endurance Broadcasting, or both. *See* Am. Compl. ¶¶ 2–3, 5.

CASE 0:21-cv-01957-ECT-DTS   Doc. 50   Filed 05/24/22   Page 3 of 6

preserve the license was required no later than March 31, 2019." *Id.* ¶¶ 17–18.  Hicks

alleges that the "KLBB [] broadcasting license was of de minimis market value" because

it did not have a transmitter site. *Id.* ¶ 19.

Hicks alleges that on March 13, 2019, Smith verbally accepted Hicks's offer. *Id.* ¶

20.  Hicks forwarded the $1,000.00 purchase price, $500 for attorneys' fees, and a $200

fee to Defendants' counsel, John Scott Neely, to process the application and transfer the

license, along with "other sums for field engineer, analytics engineer, legal costs, and

equipment." *Id.* ¶ 21.

In April 2019, Smith refused to transfer the KLBB license to Hicks, in what Hicks

alleges was a breach of the parties' agreement. *Id.* ¶ 24.  Thus, Hicks alleges the following

Counts in his Amended Complaint:  (1) misrepresentation and "fraud through omission";

(2) unjust enrichment and specific performance; (3) conversion. *Id.* ¶¶ 26–61.  The

Amended Complaint appears to invoke federal question jurisdiction, as it alleges: "[t]he

matter raises questions of federal law and authority on federal agency action and claims

arise under Section 309(f) of the Communications Act of 1934." Am. Compl. ¶ 15.

In support of their motion, Defendants argue that there is not subject matter

jurisdiction because the Amended Complaint does not allege a federal claim, Hicks has

failed to plead the citizenship of any party, and the amount in controversy alleged is

insufficient to support diversity jurisdiction over Hicks's claims.  Defendants alternatively

argue that personal jurisdiction is lacking due to Hicks's insufficient service of process.

Finally, Defendants argue that Hicks's fraud claim should be dismissed because Hicks has

failed to plead it with the particularity required by Fed. R. Civ. P. 9(b).

II

Here, resolution of the subject-matter jurisdiction issue disposes of Hicks's claims.

Hicks appears to invoke federal-question jurisdiction under 28 U.S.C. § 1331.  *See* Am.

Compl. ¶ 15 ("[t]he matter raises questions of federal law and authority on federal agency

action and claims arise under Section 309(f) of the Communications Act of 1934").

Subject-matter jurisdiction under § 1331 exists when a well-pleaded complaint identifies a

substantial federal question.  *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521

(8th Cir. 2020).

Though allegations made in a *pro se* complaint[3] are liberally construed, *Stone v.

Harry*, 364 F.3d 912, 914 (8th Cir. 2004), Hicks's Amended Complaint identifies no

cognizable claim arising under federal law.  Although it is difficult to connect all the dots

of Hicks's claims, a plain reading of the Amended Complaint's allegations is that Hicks

had an agreement with Defendants to purchase a license to KLBB(AM), and Defendants

breached that agreement.  Hicks thus alleges three claims for misrepresentation, unjust

enrichment, and conversion, Am. Compl. ¶¶ 26–61, all of which arise under state law.

Hicks generally references section 309(f) of the Communications Act of 1934, but this

section does not provide a private right of action.  *See Stoutenborough v. Nat'l Football*

*League, Inc.*, 59 F.3d 580, 583 (6th Cir. 1995) ("The 'public interest' standard articulated

in Section 309(a) of the Communications Act does not create a private cause of action.");

---

[3]     Though no attorney has made an appearance on Hicks' behalf, Hicks mentions attorney fees incurred "associated with bringing the Motion for Default Judgement in the amount of $6,662.44."  *See* ECF No. 46 at 23.

*Rokus v. Am. Broadcasting Co., Inc.*, 616 F. Supp. 110, 113 (S.D.N.Y. 1984) ("To the extent that plaintiff seeks to enforce provisions of the Act, a function that Congress vested in the FCC, he fails to state a valid claim.  Neither [47 U.S.C. §] 309(a) nor the Act in general provides a private right of action.") (citing cases).  Thus, even construed liberally, the Amended Complaint does not identify any claim arising under federal law, so there is no basis for federal-question jurisdiction.

The Amended Complaint also does not identify any basis for diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (providing for federal jurisdiction over controversies between citizens of different states only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").  On its face, the Amended Complaint does not invoke diversity jurisdiction under § 1332, Am. Compl. ¶ 15, and it does not plead the citizenship of the parties, *see id.* ¶¶ 13–15 (stating that Smith is "party to action subject of litigation concerning federal license and property situated Minnesota"; Endurance Broadcasting "is entity executing commerce in Minnesota"; and Hicks "is party to action subject of litigation concerning federal license and property situated in Minnesota").  Nor does the Amended Complaint allege that there is over $75,000 in controversy.  Hicks's only concrete damages allegations indicate that he paid Defendants $1,000 for the KLBB license, and that he may have incurred some additional costs for attorneys' fees, engineering costs, and an application fee.  *See id.* ¶16 (alleging Hicks's offer to purchase the license for $1,000); ¶ 21 (alleging Hicks "forwarded the $1,000.00 purchase price, $500.00 attorney's fee, and $200 application fee" to Defendants' counsel, "in addition to other sums for field engineer, analytics engineer, legal costs, and equipment").  A later

filing indicates that Hicks purportedly has incurred attorney fees "associated with bringing the Motion for Default Judgement in the amount of $6,662.44," *see* ECF No. 46 at 23; *supra* n.3.   Otherwise, Hicks only generally references "compensatory damages and punitive damages," but does not allege an amount certain.  *See* Am. Compl. at 17–18. Because Hicks does not allege that the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a) cannot provide subject-matter jurisdiction over Hicks' claims.[4]

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.    Defendants Daniel Isaac Smith and Endurance Broadcasting's motion to dismiss [ECF No. 22] is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. Plaintiff Hicks' Amended Complaint [ECF No. 7] is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2.    Plaintiff Hicks' remaining motions [ECF No. 34, 43, 46] are **DENIED AS MOOT**.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 24, 2022                                       s/ Eric C. Tostrud
                                                                      Eric C. Tostrud
                                                                      United States District Court

---

[4]    Because there is not subject-matter jurisdiction over Hicks' claims, there is no need or reason to address Defendants' alternative motion to dismiss for lack of personal jurisdiction, or their motion to dismiss for failure to plead fraud with particularity.  Mem. in Supp. at 9–16.  Likewise, Hicks's outstanding motions [ECF Nos. 34, 43, 46] may be denied as moot.